1  CRAIG G. STAUB, Bar No. 172857
   cstaub@littler.com
2  MICHELLE RAPOPORT, Bar No. 247459
   mrapoport@littler.com
3  LITTLER MENDELSON, P.C.
   633 West 5th Street
4  63rd Floor
   Los Angeles, CA 90071
5  Telephone: 213.443.4300
   Facsimile: 213.443.4299
6
   Attorneys for Defendants
7  MACY'S INC.; MACY'S CORPORATE
   SERVICES; MACY'S WEST STORES, INC.;
8  MACY'S RETAIL HOLDINGS; and MACY'S
   MERCHANDISING GROUP
9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12  LINda KEENE, an individual,        Case No. CV14-06049-BRO(JEM)

13            Plaintiff,

14  v.                                  NOTICE TO FEDERAL COURT OF
                                        REMOVAL OF CIVIL ACTION
15  MACY'S INC., a Delaware             PURSUANT TO 28 U.S.C. §§ 1331,
    corporation; MACY'S CORPORATE       AND 1446 (FEDERAL QUESTION
16  SERVICES, a Delaware corporation;   JURISDICTION)
    MACY'S WEST STORES, INC., an
17  Ohio corporation; MACY'S RETAIL
    HOLDINGS, a New York corporation;
18  MACY'S MERCHANDISING
    GROUP, a Delaware corporation,
19  DOES 1 through 100, inclusive,

20            Defendants.

21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT       1.
OF REMOVAL OF CIVIL

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF LINDA
2  KEENE AND HER ATTORNEYS OF RECORD:
3      PLEASE TAKE NOTICE that Defendants Macy's, Inc.; Macy's
4  Corporate Services; Macy's West Stores, Inc.; Macy's Retail Holdings; and Macy's
5  Merchandising Group (collectively "Defendants") hereby remove the above-entitled
6  action, Case No. 56-2014-00451473-CU-CR-VTA, from the Superior Court of the
7  State of California, County of Ventura, to the United States District Court for the
8  Central District of California, pursuant to 28 U.S.C. §§ 1441(a) and 1446.
9      This Notice is based upon the original jurisdiction of the United States
10 District Court over the parties under 28 U.S.C. §§ 1331 and 1367 based upon a federal
11 question and supplemental jurisdiction over Plaintiff's remaining claims.
12     Defendants make the following allegations in support of the Notice of
13 Removal:

## JURISDICTION AND VENUE ARE PROPER

15   1.  This action is a civil action over which this Court has original
16 jurisdiction pursuant to 28 U.S.C. section 1331, and is one which may be removed to
17 this Court by Defendants pursuant to 28 U.S.C. section 1441. 28 U.S.C. §§ 1331,
18 1441, and 1446.
19   2.  This Court has federal question jurisdiction over this action under
20 28 U.S.C. § 1331 ("Section 1331"). Section 1331 confers original jurisdiction on the
21 federal district courts "of all civil actions arising under the Constitution, laws, or
22 treatises of the United States." Plaintiff's first claim for relief, set forth as paragraphs
23 25 through 41 of Plaintiff's Complaint, invokes federal law, specifically, the
24 Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* As such, this Court has
25 original federal question jurisdiction over this matter and it is removable under 28
26 U.S.C. § 1441. Because there is the existence of the federal question whether
27 Defendants violated 42 U.S.C. § 12101, *et seq.*, this Court also has jurisdiction over
28 Plaintiff's remaining claims. 28 U.S.C. §§ 1367 and 1441(c).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL OF CIVIL    2.

3.	Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

## GENERAL INFORMATION

4.	On April 14, 2014, Linda Keene ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Ventura, entitled <u>Linda Keene v. Macy's, Inc., et al,</u> designated as Case No. 56-2014-00451473-CU-CR-VTA ("Complaint"). The Complaint asserts the following purported causes of action: violation of the federal Americans with Disability Act, violation of the California Unruh Civil Rights Act, and violation of the California Disabled Persons Act.

5.	On July 22, 2014, Defendants' counsel, on behalf of each of the Defendants, accepted service of the Summons and Complaint and attachments thereto on each Defendant. Accordingly, Defendants each accepted service of the Complaint, the Summons, Civil Case Cover Sheet, Alternative Dispute Resolution Information, Notice of Case Assignment and Mandatory Appearance, and Notice of Acknowledgment of Receipt, true and correct copies of which are attached as **Exhibit A** to the Declaration of Michelle Rapoport in Support of Defendants' Removal ("Rapoport Decl.")

6.	Plaintiff mail-served Defendants a copy of the Summons and Complaint via notice of Acknowledgment of Receipt on July 2, 2014 pursuant to California Code of Civil Procedure section 415.30. Counsel for Defendants signed a copy of the Acknowledgment of Receipt on July 22, 2014. (Rapoport Decl. ¶ 3.) True and correct copies of the countersigned Acknowledgment of Receipt for each Defendant are attached to the Rapoport Decl. as **Exhibit B**.

7.	On July 31, 2014, Defendants timely filed and served an answer to Plaintiff's Complaint in Ventura County Superior Court. A true and correct copy of Defendants' Answer is attached to the Rapoport Decl. as **Exhibit C**.

8.	To the best of Defendants' knowledge, all documents filed or served by Plaintiff in her state court action are attached to the Rapoport Decl. as

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL

3.

**Exhibits A - D.** To Defendants' knowledge, no other documents have been filed by Plaintiff, nor have any other documents filed in the state court action by Defendants. The attachments to the Rapoport Decl. thereby satisfy the requirements of 28 U.S.C. § 1446(a).

9. All named Defendants jointly file this Notice of Removal, and thus consent to and join in this Notice of Removal.

10. Because the remaining named Doe Defendants have not yet been named or served, they need not join or consent to Defendants' Notice of Removal. Community Bldg. Co. v. Maryland Casualty Co., 8 F.2d 678, 678-79 (9th Cir. 1925) (named defendants not yet served in state court action need not join in the notice of removal); Salveson v. Western States Bankcard Ass'n, 731 F.2d 1426, 1429 (9th Cir. 1984) superseded on other grounds by statute as stated in Etheridge v. Harbor House Restaurants, 861 F.2d 1389 (9th Cir. 1988) (same). Defendants are informed and believe that none of the Doe Defendants in this case have been identified or served. Doe Defendants designated 1 to 100 are fictitious, are not parties to this action, have not been served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). See, Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1213 (9th Cir. 1980).

11. Copies of this Notice of Removal, as well as the Notice of filing of Notice of Removal, have been mailed to Plaintiff's counsel as required by 28 U.S.C. § 1446(d) and are being filed with the clerk of the Ventura County Superior Court.

### TIMELINESS OF REMOVAL

12. Pursuant to 28 U.S.C. section 1446(b), a notice of removal of a civil action must be filed within thirty (30) days of service of the Summons and Complaint. See, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999) (noting the 30-day removal period runs from the service of the summons and complaint).

13. Defendants each acknowledged receipt of the Complaint on July 22, 2014, which is the date service was complete. See Cal. Civ. Proc. Code

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL 4.

1  § 415.30(c). This Notice of Removal is thus filed within thirty (30) days after any
2  Defendants acknowledged service by mail and executed the receipt. Therefore,
3  Defendants' Notice of Removal is timely in accordance with 28 U.S.C. section
4  1446(b) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C). See <u>Murphy Bros.,</u>
5  <u>Inc.,</u> 526 U.S. at 347-48, 354 (holding removal period is triggered by completed
6  service of process); <u>Panchias v. Bullock</u>, 2012 U.S. Dist. LEXIS 158490, *3 (E.D.
7  Cal. 2012) (holding removal period begins after notice of acknowledgment and receipt
8  signed); <u>Star Varga v. United Airlines</u>, 2009 U.S. Dist. LEXIS 64000, *7-10 (N.D.
9  Cal. 2009) (same).
10             14.    Pursuant to California Civil Procedure Code § 415.30(c), service is
11  complete only upon Defendants' execution of the acknowledgment of receipt itself.
12  Neither the mailing of the receipt nor the U.S. Mail certification of receipt itself
13  effectuates service of the Complaint or initiates running of the time limit for removal.
14  See <u>Tandy Corp. v. Superior Court</u>, 117 Cal. App. 3d 911, 913 (1981) ("The postal
15  service return receipt does not suffice as a substitute for an executed
16  acknowledgement of receipt of summons"); <u>Shapour v. State of California</u>, 2013 U.S.
17  Dist. LEXIS 178488 (E.D. Cal. 2013) (citing *Tandy*, holding in case involving
18  complaint received by certified mail that "[a]s Plaintiff has made no showing that such
19  signed acknowledgment was returned by Defendant, service has not been
20  accomplished."); see also <u>Bolden v. Magana et al.</u>, 2006 Cal. App. Unpub. LEXIS
21  1164 (2006) (plaintiff's "reliance on a signature on the postal service return receipt is
22  misplaced. 'The postal service return receipt does not suffice as a substitute for an
23  executed acknowledgement of receipt of summons.'" (quoting <u>Tandy</u>)).
24             15.    While initially Plaintiff mailed the Complaint to Defendants on
25  May 9, 2014, Defendants did not execute an acknowledgment of receipt, and thus
26  service was never effectuated. (Rapoport Decl. ¶ 6.) <u>See</u>, <u>Tandy Corp.</u>, 117 Cal. App.
27  3d at 913. Even though the Complaint was sent by certified mail, service was not
28  complete unless and until Defendants executed and served the actual acknowledgment

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL OF CIVIL                 5.

form pursuant to the California Code of Civil Procedure. Id. Defendants ultimately acknowledged service through their counsel on July 22, 2014, and service for purposes of the timeliness of removal did not occur until that date. See Murphy Bros., Inc., 526 U.S. at 347-48, 354; Panchias, 2012 U.S. Dist. LEXIS 158490. Accordingly, this Notice of Removal is timely filed within 30 days of the service date upon Defendants of the initial pleading pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR SUPPLEMENTAL JURISDICTION OF PLAINTIFF'S STATE LAW CLAIMS

16. Plaintiff's state law claims are also removable pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367 because they are so related to the federal cause of action that they form part of the same case or controversy. Specifically, Plaintiff's state law claims, brought under California's Unruh Civil Rights Act and Disabled Persons Act, are based upon identical factual allegations to her federal claim, and are otherwise so intimately related, this action is removable in its entirety. 28 U.S.C. § 1367(a). Specifically, in both her federal and state law claims, Plaintiff claims that Defendants discriminated against her when they allegedly failed to provide her with Auxiliary Aids to facilitate communications with her. See Rapoport Decl. **Ex. A.**

## NOTICE TO COURT AND PARTIES

17. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Ventura. See Rapoport Decl. ¶ 7.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL

6.

1
2        WHEREFORE, having provided notice as required by law and pursuant
3  to §§ 1331, 1367, 1441, and 1446, the above-entitled action should hereby be removed
4  from the Superior Court of the County of Ventura to this honorable District Court.
5
6  Dated:  August 1, 2014
7
8
9                                              CRAIG G. STAUB
                                            MICHELLE RAPOPORT
10                                             LITTLER MENDELSON, P.C.
                                            Attorneys for Defendants
11                                             MACY'S INC.; MACY'S
                                            CORPORATE SERVICES; MACY'S
12                                             WEST STORES, INC.; MACY'S
                                            RETAIL HOLDINGS; AND MACY'S
13                                             MERCHANDISING GROUP
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL OF CIVIL    7.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 633 West Fifth Street, 63rd Floor, Los Angeles, California 90071. On August 1, 2014, I served the within document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, AND 1446 (FEDERAL QUESTION JURISDICTION)**

[x] by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

David Karen, Esq.
Kimberly Offenbacher, Esq.
S. Tomiyo Stoner, Esq.
DK LAW GROUP
3155 Old Conejo Road
Thousand Oaks, CA 91320
Tel: (805) 498-1212
Fax: (805) 498-3030
E-mail: ko@dk4law.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on August 1, 2014, at Los Angeles, California.

Margaret E. Kadric

Firmwide:128168191.1 065674.1024

NOTICE TO FEDERAL COURT
OF REMOVAL OF CIVIL                    8.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Linda Keene, an individual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Macy's Inc., a Delaware corporation; Macy's Corporate Services, a Delaware corporation; Macy's West Stores, Inc., an Ohio corporation; Macy's Retail Holdings, a New York corporation; Macy's Merchandising Group, a Delaware corporation

**(b) County of Residence of First Listed Plaintiff** Ventura
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
David Karen, Esq., Kimberly Offenbacher, Esq. & S. Tomiyo Stoner, Esq.
DK Law Group
3155 Old Canejo Rd., Thousand Oaks, CA 91320
Tel, (805) 498-1212

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Craig G. Staub, Esq. & Michelle Rapoport, Esq.
LITTLER MENDELSON, P.C.
633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071
Tel.: (213) 443-4300

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Americans with Disabilities Act (42 U.S.C. § 12101., et. seq.) Plaintiff alleges that Defendants failed to accommodate Plaintiff by providing not providing Auxiliary Aids to effectively communicate with her worker's compensation health care providers.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | | ☒ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

CV14-06049

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (06/14)                    CIVIL COVER SHEET                    Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? [X] Yes [ ] No  If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | [X] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? [ ] Yes [X] No  If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?  check one of the boxes to the right ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | [ ] NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  check one of the boxes to the right ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? [ ] Yes [X] No  If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  check one of the boxes to the right ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | [ ] NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  check one of the boxes to the right ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |

| D.1. Is there at least one answer in Column A? [ ] Yes [X] No  If "yes," your case will initially be assigned to the SOUTHERN DIVISION.  Enter "Southern" in response to Question E, below, and continue from there.  If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B? [ ] Yes [X] No  If "yes," your case will initially be assigned to the EASTERN DIVISION.  Enter "Eastern" in response to Question E, below.  If "no," your case will be assigned to the WESTERN DIVISION.  Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [X] Yes | [ ] No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed in this court? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** /s/ M. Rapoport      DATE: August 1, 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 633 West Fifth Street, 63rd Floor, Los Angeles, California 90071. On August 1, 2014, I served the within document(s):

## CIVIL COVER SHEET

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

David Karen, Esq.
Kimberly Offenbacher, Esq.
S. Tomiyo Stoner, Esq.
DK LAW GROUP
3155 Old Conejo Road
Thousand Oaks, CA 91320
Tel:      (805) 498-1212
Fax:      (805) 498-3030
E-mail:   ko@dk4law.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on August 1, 2014, at Los Angeles, California.

_____
Margaret E. Kadric

Firmwide:88333037.1 052860.1003

CIVIL COVER SHEET                                      4.