# EXHIBIT A

| | |
|---|---|
| 1 | David Karen, Esq., SBN 117883 |
| | Kimberly Offenbacher, Esq., SBN 166318 |
| 2 | S. Tomiyo Stoner, Esq., SBN 289246 |
| | DK LAW GROUP |
| 3 | 3155 Old Conejo Road |
| | Thousand Oaks, California 91320 |
| 4 | Tele: (805) 498-1212; Fax: (805) 498-3030 |
| | E-mail: ko@dk4law.com |
| 5 | |

[SPACE BELOW FOR FILING STAMP ONLY]

VENTURA
SUPERIOR COURT
FILED

APR 1 4 2014

MICHAEL D. PLANET
Executive Officer and Clerk
By Tha Muckey
                    , Deputy

6  Attorneys for Plaintiff, Linda Keene

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF VENTURA

10
                                                    56-2014-00451473-CU-CR-VTA
11   LINDA KEENE, an individual,        )   CASE NO:
                                         )
12              Plaintiff,               )   COMPLAINT FOR DAMAGES AND
                                         )   INJUNCTIVE RELIEF FOR:
13   vs.                                 )
                                         )   1. Violation of the Americans with
14   MACY'S, INC., a Delaware corporation; )  Disabilities Act (42 U.S.C. § 12101, et.
                                         )   seq.);
15   MACY'S CORPORATE SERVICES, a        )   2. Violation of the Unruh Civil Rights Act
     Delaware corporation; MACY'S WEST   )   (Civ. Code § 51, et. seq.);
16   STORES, INC., an Ohio corporation;  )   3. Violation of the California Disabled
     MACY'S RETAIL HOLDINGS, a New       )   Persons Act (Civ. Code § 54, et. seq.);
17   York corporation; MACY'S            )
     MERCHANDISING GROUP, a Delaware     )
18   corporation, DOES 1 through 100,    )   DEMAND FOR JURY TRIAL
     inclusive,                          )
19                                       )
                                         )
20              Defendants.              )
                                         )
21
─────────────────────────────────────────

22        Linda Keene (hereafter "Plaintiff" or "KEENE") complains of Macy's, Inc., a Delaware

23   corporation; Macy's Corporate Services, a Delaware corporation; Macy's West Stores, Inc., an

24   Ohio corporation; Macy's Retail Holdings, a New York corporation; Macy's Merchandising

25   Group, a Delaware corporation; and DOES 1 through 100, inclusive (collectively

26   "Defendants") and on information and belief, herein alleges as follows:

27   ///

28   ///

─────────────────────────────────────────
                COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
                                    1

                                    4

## INTRODUCTION

1. This case arises out violations of federal and state laws prohibiting discrimination against persons with disabilities by Defendants.

2. Defendant Macy's, Inc. is a Delaware corporation and is, at all relevant times was, doing business in the State of California.

3. Defendant Macy's Corporate Services, Inc, is a Delaware corporation and is, at all relevant times was, doing business in the State of California.

4. Defendant Macy's Merchandising Group, Inc. is a Delaware corporation and is, at all relevant times was, doing business in the State of California.

5. Defendant Macy's Retail Holdings, Inc. is a New York corporation and is, at all relevant times was, doing business in the State of California.

6. Defendant Macy's West Stores, Inc. is an Ohio corporation and is, at all relevant times was, doing business in the State of California.

7. At all times herein mentioned, and at the time the causes of action arose, KEENE was a resident of Ventura County, State of California.

8. Defendants Macy's, Inc., Macy's Corporate Services, Macy's Merchandising Group, Inc. Macy's Retail Holdings, and Macy's West Stores, Inc. (collectively "MACY'S") are a group of entities that own and operate a national chain of retail department stores, including the Simi Valley location where KEENE was an employee. On information and belief, each and every defendant within the MACY'S group is responsible for adopting, implementing and enforcing compliance with the ADA, Rehabilitation Act, and Unruh Act at the Simi Valley retail store where KEENE was employed.

9. KEENE is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues them by those fictitious names.

10. KEENE is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, joint venturers and/or co-partners of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
2

relationship and with the permissions, authority, consent and ratification of each of the other Defendants named herein.

11.    KEENE is informed and believes and thereon alleges that each of those Defendants was in some manner legally responsible for the events and happenings alleged in this complaint and for the injuries and damages alleged herein.

12.    KEENE is deaf and unable to communicate effectively in spoken English.

13.    KEENE is able to communicate effectively by American Sign Language (hereafter "ASL") and uses ASL as her primary language, as opposed to English.

14.    KEENE was an employee at the MACY'S retail store in Simi Valley, California where she worked for more than 15 years. Her employment at MACY'S ended in October of 2013, when pain and swelling in her hands prevented her from performing her job duties.

15.    KEENE alleges the pain and swelling were caused by repetitive motion related to the operation of equipment at MACY'S.

16.    KEENE experienced discrimination on the basis of disability as a beneficiary under MACY'S workers' compensation policy.

17.    Defendants failed and continue to fail to provide appropriate Auxiliary Aids to facilitate effective communications with KEENE, despite provisions in Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), the Unruh Civil Rights Act ("Unruh Act") and the implementing regulations of each, requiring them to do so. Consequently, the availability, quality, and confidentiality of medical services furnished by Defendants to KEENE and other persons who are deaf are significantly limited and statutorily deficient.

## FACTUAL ALLEGATIONS

18.    KEENE is deaf and is, therefore, a Person With a Disability. ("Person With a Disability" or "Persons With Disabilities" as used herein, includes "physically handicapped person," "physically disabled person," "person with a physical disability," "physically handicapped," "individual with a disability," and "person(s) with physical disabilities" as those terms are used in the ADA, Rehabilitation Act, Unruh Act, Disabled Persons Act, and implementing

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
3

regulations of each and have similar or identical common usage and legal meanings.) Within one year prior to the filing of the complaint, KEENE encountered inaccessible conditions in the administration of the workers' compensation policy, and policies and procedures of the Defendants, all in violation of the ADA and other state and federal law.

19.     On or about April 16, 2013, KEENE applied for workers' compensation benefits with MACY'S. Subsequently, her application was granted. MACY'S is self-insured and acted as the claims administrator, as that term is defined in California Code of Regulations title 8, section 10136 subdivision (a).

20.     KEENE attended a series of appointments relating to her workers' compensation claim, with various healthcare providers including, but not limited to, Dr. Howard Hoos, Dr. Daniel Ghiyam, Dr. Peter Kim, and Performance Physical Therapy (hereafter "Healthcare Providers" or "Healthcare Provider").

21.     KEENE required a qualified sign language interpreter (hereafter "Interpreter") at appointments with her Healthcare Providers and requested on numerous occasions that MACY'S provide her with an Interpreter. MACY'S repeatedly refused to do so in violation of KEENE's legal rights.

22.     Ultimately, KEENE attended in excess of thirty (30) medical appointments without the assistance of an interpreter of any kind.

23.     Due to the lack of an objective, certified, interpreter, KEENE was not fully able to understand her condition, which hampered her recovery, resulted in significant pain and suffering, and exacerbated her employment-related losses.

24.     During KEENE's workers' compensation claim with MACY'S she was expected to communicate by telephone with her claims adjusters or other customer service representatives, causing KEENE unequal access to the information relevant to her claim due to a lack of effective communication. KEENE expressed her preference to be contacted by text message, but was denied this inexpensive and technically feasible accommodation, all of which proximately caused actual damages to KEENE and which entitle her to recover other additional statutory damages and relief as alleged herein.

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
4

## FIRST CAUSE OF ACTION

### Violation of the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.)

#### (By Plaintiff against all Defendants)

25.   KEENE incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

26.   MACY'S employment practices are governed by Title I of the Americans with Disabilities Act.

27.   KEENE was denied access to places of public accommodation within the meaning of Title III of the ADA, including the retail store where she worked, the platforms for obtaining workers' compensation benefits and services, and the offices of Healthcare Providers where she received treatment.

28.   Each Healthcare Provider visited by KEENE in the course of the evaluation and treatment KEENE'S injuries covered by her workers' compensation claim, is a public accommodation within the meaning of Title III of the ADA.

29.   KEENE was entitled to effective communication, as the term is defined Title III of the Americans with Disabilities Act, during each of her interactions with Healthcare Providers.

30.   KEENE requires auxiliary aids and services ("Auxiliary Aids") for effective communication. The ADA in 42 U.S.C. § 12182(b)(2)(iii) and related provisions, mandate the provision of such Auxiliary Aids. During KEENE's visits with the Healthcare Providers an Interpreter was the only appropriate Auxiliary Aid.

31.   During her visits with Healthcare Providers, KEENE required, requested, and was denied an Interpreter due to MACY'S actions in violation of the ADA.

32.   Pursuant to California Code of Regulations title 8, section 9795.3, subd. 1 and 2, the claims administrator, MACY'S, was required to advise recipients of their right to an Interpreter during visits with Healthcare Providers. MACY'S either failed to inform KEENE of this right, or failed to establish effective communication when advising KEENE of this right.

///

///

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5

33.     MACY'S, as the provider of workers' compensation services, by the operation of California Code of Regulations. title 8, section 9795.3, subdivisions1 and 2, was the party required pay the cost of an Interpreter.

34.     On information and belief, MACY'S refused to pay the costs of an interpreter, or otherwise discouraged, dissuaded, or prevented KEENE's Healthcare Providers from providing her with an Interpreter.

35.     Defendants, and each of them, have failed to adopt, implement, and/or enforce policies that would provide appropriate Auxiliary Aids for persons, such as KEENE, who are deaf or hard of hearing, when they receive workers' compensation benefits stemming from their employment with MACY'S.

36.     Defendants' violations of the ADA included both the failure to provide Interpreters at appointments with Healthcare Providers and the failure to communicate effectively with KEENE regarding the administration of her claim.

37.     Defendants' acts and omissions alleged herein are in violation of the ADA and the regulations promulgated thereunder. (See, e.g., 28 C.F.R. part 35 et. seq.)

38.     Defendants' failure to provide Auxiliary Aids or otherwise comply with the ADA resulted in inequality in the enjoyment of the services, facilities, privileges, advantages, or accommodations offered by MACY'S under MACY'S workers' compensation structure to KEENE based on her disability.

39.     As a direct and proximate result of the failure to comply with the ADA, KEENE suffered damages in an amount to be proven at trial, and within the jurisdiction of this court.

40.     Defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, Defendants will continue to violate such law. This conduct, unless enjoined, will continue to inflict injuries for which KEENE has no adequate remedy at law. Consequently, KEENE seeks and is entitled to injunctive relief pursuant to section 308 of the ADA (42 U.S.C. § 12188).

41.     KEENE seeks and is entitled to reasonable attorneys fees and costs.

///

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
6

## SECOND CAUSE OF ACTION

### Violation of the Unruh Civil Rights Act (Civ. Code § 51, et seq.)

### (By Plaintiff against all Defendants)

42.     KEENE incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

43.     Beginning on April 16, 2013 and thereafter, Defendants have committed violations of the Unruh Act by failing to communicate effectively with KEENE during the administration of her claim, including but not limited to the failure to notify KEENE of her right to an Interpreter during appointments with Healthcare Providers.

44.     On information and belief, MACY'S knowingly and intentionally refused to pay the costs of an Interpreter, or otherwise discouraged, dissuaded, or prevented KEENE's Healthcare Providers from providing her with an Interpreter.

45.     On information and belief, MACY'S knowingly and intentionally refused to communicate KEENE's request for an Interpreter with the Healthcare Providers.

46.     On information and belief, MACY'S also knowingly and intentionally refused to communicate effectively with KEENE when providing or receiving information relevant to the administration of KEENE's claim.

47.     MACY'S discrimination against KEENE was not disparate impact discrimination, but instead was knowing and intentional.

48.     KEENE was harmed as a direct and proximate result of Defendants' conduct.  KEENE seeks and is entitled to receive actual damages in an amount to be proven at trial, in addition to up to three times the amount of actual damages, but in no case less than, four thousand dollars ($4,000) for each separate offense as stated in Civil Code section 52, which given the more than 30 occasions at issue, is well within the jurisdictional limit of these cases.

49.     KEENE seeks and is entitled to reasonable attorney fees and costs.

///

///

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

7

### THIRD CAUSE OF ACTION

### Violation of the California Disabled Persons Act (Civ. Code § 54, et.seq.)

### (By Plaintiff against all Defendants)

50.    KEENE incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

51.    Defendants' actions constitute a violation of KEENE's rights under the Disabled Persons Act. (Civ. Code §54, et.seq.)

52.    KEENE is entitled to injunctive relief remedying the discrimination.    Defendants' conduct constitutes ongoing and continuous violations of the Disabled Persons Act and, unless restrained from doing so, Defendants will continue to violate such law.    This conduct, unless enjoined, will continue to inflict injuries for which KEENE has no adequate remedy at law.

53.    KEENE seeks and is entitled to damages for each offense in the amount of actual damages and any amount as may be proven at trial, but in no case less than one thousand dollars ($1,000) pursuant to Civil Code section 54.3.

54.    KEENE seeks and is entitled to reasonable attorneys' fees and costs incurred herein as a result of Defendants' wrongful conduct.

### RELIEF REQUESTED

WHEREFORE KEENE prays that this Court award damages and provide relief as follows:

On the FIRST CAUSE OF ACTION

1.    For injunctive relief,

2.    For reasonable attorney fees, and

3.    For other relief as the court may deem just and proper.


On the SECOND CAUSE OF ACTION

1.    For each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

8

amount of actual damage but in no case less than four thousand dollars ($4,000) as stated in Civil Code section 52,

2.       For reasonable attorney fees, and

3.       For other relief as the court may deem just and proper.

On the THIRD CAUSE OF ACTION

1.       For actual damages and any amount as may be proven at trial, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) pursuant to Civil Code section 54.3,

2.       For reasonable attorney fees, and

3.       For other relief as the court may deem just and proper.

Dated: April 11, 2014           DK LAW GROUP

Kimberly K. Offenbacher
Attorney for Plaintiff Linda Keene

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury as to all issues.

Dated: April 11, 2014           DK LAW GROUP

Kimberly K. Offenbacher
Attorney for Plaintiff Linda Keene

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
9

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** MACY'S, INC., a Delaware
*(AVISO AL DEMANDADO):* corporation; MACY'S CORPORATE
SERVICES, a Delaware corporation; MACY'S WEST STORES,
INC., an Ohio corporation; MACY'S RETAIL HOLDINGS, a
New York corporation; MACY'S MERCHANDISING GROUP, a
Delaware corporation; DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LINDA KEENE, an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

VENTURA
SUPERIOR COURT
**FILED**

APR 1 4 2014

MICHAEL D. PLANET
Executive Officer and Clerk
BY: **Ina Muckey**            , Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT FOR THE COUNTY OF VENTURA
800 S. Victoria Avenue
Hall of Justice
Ventura, CA  93009

CASE NUMBER *(Número del Caso):*
56-2014-00451473-CU-CR-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. Karen, SBN 117883                    (805) 498-1212
DK LAW GROUP
3155 Old Conejo Road
Thousand Oaks, CA  91320

DATE:                              Clerk, by **MICHAEL PLANET Ina Muckey**   , Deputy
*(Fecha)* APR 1 4 2014             *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*



**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Legal
Solutions
CA Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, S… , Bar number, and address)*:<br>Kimberly Offenbacher, Esq. SBN 166318<br>David M. Karen, Esq. SBN 117883<br>DK LAW GROUP<br>3155 Old Conejo Road<br>Thousand Oaks, CA 91320<br>TELEPHONE NO.: (805) 498-1212   FAX NO.: 498-3030<br>ATTORNEY FOR *(Name)*: Plaintiff, Linda Keene | *FOR COURT USE ONLY*<br><br>VENTURA<br>SUPERIOR COURT<br>**FILED**<br><br>APR 14 2014<br><br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY: **Ina Muckey**      , Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 S. Victoria Avenue
MAILING ADDRESS: Hall of Justice
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME:

CASE NAME:   KEENE vs. MACY'S, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER<br>56-2014-00451473-CU-CR-VTA |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[X] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify)*: 3

5. This case [ ] is  [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 11, 2014
Kimberly Offenbacher, Esq. SBN 166318          ▶ [signature]
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

14

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

15

VN242

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF VENTURA

### ALTERNATVE DISPUTE RESOLUTION (ADR) INFORMATION

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial.  The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial.  Many courts encourage or require parties to try ADR before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral.  You can read more information about these ADR processes and watch videos that demonstrate them at *www.courtinfo.ca.gov/programs/adr/types.htm*.  A form for agreeing to use ADR is attached.

### Potential Advantages and Disadvantages

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute.  The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement.  The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement.  Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration** – The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed.  If the parties agree to *binding arbitration,* they waive their right to a trial and agree to accept the arbitrator's decision as final.  With *nonbinding arbitration,* any party may reject the arbitrator's decision and request a trial.  Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial, or want an expert in the subject matter of the dispute to make a decision.

### Local ADR Programs for Civil Cases

**Mediation** – The Ventura Superior Court has maintained a mediation program since April 1, 1993.  Its goals are to speed resolution of cases by bringing the parties together before they have made a major economic and emotional investment in litigation, and to increase awareness of this effective method of alternative dispute resolution.

Mediators need not be attorneys, but must have 25 hours of formal mediation training by a recognized mediation training/education provider.  Mediator duties include a brief review/preparation time and three hours of hearing time on a pro bono basis and pursuant to such rules as may be designated for mediators by the Ventura Superior Court.

VN242

Party Pay Mediation Panel – The court has a second mediation panel where mediators are paid by the parties rather than offering their services pro bono. Mediators on the "party pay" panel must have completed 25 hours of formal mediation training and have participated as mediator a minimum of 25 court assigned mediations with a minimum hearing time of two hours each from any California Superior Court. All mediators on the "party pay" panel will provide three hours of mediation services per case at the rate of $150 per hour to be shared equally by all participating parties.

**Arbitration** – Arbitration is normally an informal process in which a neutral person (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or nonbinding arbitration. Binding arbitration is designed to give each side a resolution of their dispute when they cannot agree between themselves or with a mediator. If the arbitration is nonbinding, any party can reject the arbitrator's decision and request a trial.

**Mandatory Early Settlement Conference** – The MESC program was implemented through joint efforts of the Superior Court and the Ventura County Bar Association working primarily through the Bench/Bar Subcommittee. Cases that are appropriate for the program are identified and referred to a settlement officer to conduct a settlement conference. The parties have the opportunity for a serious exchange of facts, theories, and evaluations at the earliest possible time with an impartial attorney volunteer conducting the conference. The basic difference between cases assigned to the MESC and Mediation programs is the nature of the case and the relief sought. If the injury or damage is compensable in money damages and there is no emotional component or "hidden agenda" on the part of one or more of the parties, as is frequently the case in mediation cases, then the case is sent to the MESC program. MESC may be appropriate when negotiations between the parties have not proven successful.

**Settlement Conference** – Settlement Conferences may be mandatory or voluntary. In general, if the settlement conference is mandatory, ordered by the judge, the parties to the dispute and their attorneys will meet with a judge who conducts conference aimed at negotiating an agreement to settle the dispute rather than doing through the formal trial process.

**More Information about Court-Connected ADR:** Visit the court's webpage at www.ventura.courts.ca.gov.

**Dispute Resolution Programs Act (DRPA) funded ADR Program** - The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code 465 et seq.):
- Ventura Center for Dispute Settlement, 1200 Paseo Camarillo, Suite 165, Camarillo, CA 93010 805-384-1313
- Ventura County District Attorney's Consumer Mediation Unit 805-654-3110

**Private ADR** – To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice** – To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts Website at www.courtinfo.ca.gov/selfhelp/lowcost.

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 654-2609
WWW.VENTURA.COURTS.CA.GOV

### NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2014-00451473-CU-CR-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.

A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Rebecca Susan Riley | Ventura | 40 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| 09/12/2014 | 08:15 AM | 22B |

### SCHEDULING INFORMATION

**Judicial Scheduling Information**

**AT THE ABOVE HEARING IS MANDATORY.**
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
If proof of service and/or request for entry of default have not been filed; At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**
At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**
To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**
Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 04/14/2014

Clerk of the Court,
By: *Ina Muckey*
Ina Muckey, Clerk

VEN-FNR042

### NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

18

EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David M. Karen, SBN 117883<br>DK LAW GROUP<br>3155 Old Conejo Road<br><br>Thousand Oaks, CA 91320<br>TELEPHONE NO.: (805) 498-1212   FAX NO. *(Optional)* 498-3030<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Linda Keene | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 S. Victoria Avenue
MAILING ADDRESS: Hall of Justice
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME:

PLAINTIFF/PETITIONER: LINDA KEENE, an individual

DEFENDANT/RESPONDENT: MACY'S INC., a Delaware corporation;
DOES 1 through 100, inclusive

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>56-2014-00451473-CU-CR-VTA |
|---|---|

TO *(insert name of party being served):* <u>MACY'S INC., A DELAWARE CORPORATION</u>

NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 2, 2014

<u>David M. Karen, Esq.</u>                          ▶
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet, Notice of Case Assignment/Mandatory Appearance and Alternative Dispute Resolution Information

*(To be completed by recipient):*
Date this form is signed: 7-22-14

<u>Michelle Rapoport, Esq.</u>                          ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 416.30, 417.10 |
|---|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David M. Karen, SBN 117883 <br> DK LAW GROUP <br> 3155 Old Conejo Road <br><br> Thousand Oaks, CA  91320 <br> TELEPHONE NO.: (805) 498-1212    FAX NO. *(Optional):*  498-3030 <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):*  Plaintiff, Linda Keene | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 S. Victoria Avenue
MAILING ADDRESS: Hall of Justice
CITY AND ZIP CODE: Ventura, CA  93009
BRANCH NAME:

PLAINTIFF/PETITIONER: LINDA KEENE, an individual

DEFENDANT/RESPONDENT: MACY'S INC., a Delaware corporation;
DOES 1 through 100, inclusive

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 56-2014-00451473-CU-CR-VTA |
|---|---|

TO *(insert name of party being served):* <u>MACY'S CORPORATE SERVICES, A DELAWARE CORPORATION</u>

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 2, 2014

David M. Karen, Esq.                                ►
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* Civil Case Cover Sheet, Notice of Case Assignment/Mandatory
   Appearance and Alternative Dispute Resolution Information

*(To be completed by recipient):*
Date this form is signed: 7-22-14

Michelle Rapoport, Esq.                           ►
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, <br> §§ 415.30, 417.10 |
|---|---|---|

Legal
Solutions
Plus

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David M. Karen, SBN 117883<br>DK LAW GROUP<br>3155 Old Conejo Road<br><br>Thousand Oaks, CA  91320<br>TELEPHONE NO.: (805) 498-1212   FAX NO. *(Optional)*:  498-3030<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff, Linda Keene | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 S. Victoria Avenue
MAILING ADDRESS: Hall of Justice
CITY AND ZIP CODE: Ventura, CA  93009
BRANCH NAME:

PLAINTIFF/PETITIONER: LINDA KEENE, an individual

DEFENDANT/RESPONDENT: MACY'S INC., a Delaware corporation;
DOES 1 through 100, inclusive

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>56-2014-00451473-CU-CR-VTA |
|---|---|

TO *(insert name of party being served)*: MACY'S WEST STORES,INC., an Ohio Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 2, 2014

David M. Karen, Esq.
(TYPE OR PRINT NAME)                                      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [x]  A copy of the summons and of the complaint.
2. [x]  Other: *(specify)*: Civil Case Cover Sheet, Notice of Case Assignment/Mandatory Appearance and Alternative Dispute Resolution Information

*(To be completed by recipient):*
Date this form is signed: 7-22-14

Michelle Rapoport, Esq.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Legal<br>Solutions<br>Plus<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>David M. Karen, SBN 117883<br>DK LAW GROUP<br>3155 Old Conejo Road<br><br>Thousand Oaks, CA 91320<br>TELEPHONE NO.: (805) 498-1212   FAX NO. *(Optional)*   498-3030<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Linda Keene | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 S. Victoria Avenue
MAILING ADDRESS: Hall of Justice
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME:

PLAINTIFF/PETITIONER: LINDA KEENE, an individual

DEFENDANT/RESPONDENT: MACY'S INC., a Delaware corporation;
DOES 1 through 100, inclusive

| | |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>56-2014-00451473-CU-CR-VTA |

TO *(insert name of party being served):* MACY'S RETAIL HOLDINGS, a New York Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 2, 2014

David M. Karen, Esq. ▶
  (TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet, Notice of Case Assignment/Mandatory
       Appearance and Alternative Dispute Resolution Information

*(To be completed by recipient):*
Date this form is signed: 7-22-14

Michelle Rapoport, Esq.
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
   ON WHOSE BEHALF THIS FORM IS SIGNED)                        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |

Legal Solutions℠ Plus

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David M. Karen, SBN 117883<br>DK LAW GROUP<br>3155 Old Conejo Road<br><br>Thousand Oaks, CA  91320<br>    TELEPHONE NO.: (805) 498-1212    FAX NO. *(Optional):*   498-3030<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Linda Keene | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
   STREET ADDRESS: 800 S. Victoria Avenue
   MAILING ADDRESS: Hall of Justice
   CITY AND ZIP CODE: Ventura, CA  93009
   BRANCH NAME:

PLAINTIFF/PETITIONER: LINDA KEENE, an individual


DEFENDANT/RESPONDENT: MACY'S INC., a Delaware corporation;
DOES 1 through 100, inclusive

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>56-2014-00451473-CU-CR-VTA |
|---|---|

TO *(insert name of party being served):* MACY'S MERCHANDISING GROUP, a Delaware Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 2, 2014

David M. Karen, Esq.
         (TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet, Notice of Case Assignment/Mandatory Appearance and Alternative Dispute Resolution Information


*(To be completed by recipient):*
Date this form is signed: 7-22-14

Michelle Rapoport, Esq.
   (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
        ON WHOSE BEHALF THIS FORM IS SIGNED)                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |

Legal Solutions Plus

# EXHIBIT C

CRAIG G. STAUB, Bar No. 172857
MICHELLE RAPOPORT, Bar No. 247459
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
Telephone:   213.443.4300
Fax No.:     213.443.4299

Attorneys for Defendants
MACY'S INC.; MACY'S CORPORATE
SERVICES; MACY'S WEST STORES, INC.;
MACY'S RETAIL HOLDINGS; and MACY'S
MERCHANDISING GROUP

VENTURA
SUPERIOR COURT
FILED

JUL 3 1 2014

MICHAEL D. PLANET
Executive Officer and Clerk
By: _____ Deputy
I. CABURAL

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF VENTURA

| | |
|---|---|
| LINDA KEENE, an individual, | Case No.  56-2014-00451473-CU-CR-VTA |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO JUDGE REBECCA SUSAN RILEY, DEPT. 40 |
| v. | DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT |
| MACY'S INC., a Delaware corporation; MACY'S CORPORATE SERVICES, a Delaware corporation; MACY'S WEST STORES, INC., an Ohio corporation; MACY'S RETAIL HOLDINGS, a New York corporation; MACY'S MERCHANDISING GROUP, a Delaware corporation, DOES 1 through 100, inclusive, | |
| Defendants. | Trial Date:      None |
| | Complaint filed:   4/14/14 |

Defendants Macy's, Inc., Macy's Corporate Services; Macy's West Stores, Inc., Macy's Retail Holdings, and Macy's Merchandising Group (collectively "Defendants") hereby answer the unverified complaint for damages ("Complaint") of plaintiff Linda Keene ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendants deny, both generally and specifically, each and every allegation contained in the Complaint and each and every purported cause of action set forth therein.  Defendants also deny generally and specifically that

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

1  Plaintiff has suffered or will suffer any injury or damage as a result of any acts or omissions by or

2  conduct of Defendants.

3  ### AFFIRMATIVE DEFENSES

4  Without assuming the burden of proof or persuasion, Defendants allege Plaintiff's

5  Complaint, and each cause of action alleged therein, is subject to the following affirmative defenses:

6  ### FIRST AFFIRMATIVE DEFENSE

7  **(Failure To State A Cause Of Action)**

8  1.  As a first separate and affirmative defense, Defendants allege the Complaint, and

9  each purported cause of action contained therein, fails to state sufficient facts to constitute a cause of

10  action against Defendants.

11  ### SECOND AFFIRMATIVE DEFENSE

12  **(Failure To Mitigate)**

13  2.  As a second separate and affirmative defense, Defendants allege Plaintiff is barred

14  from recovering monetary damages to the extent she has failed to mitigate her damages, if any, as

15  required by law.

16  ### THIRD AFFIRMATIVE DEFENSE

17  **(Statute Of Limitations)**

18  3.  As a third separate and affirmative defense, Defendants allege Plaintiff's Complaint,

19  and each purported cause of action contained therein, is limited and/or barred by the applicable

20  statute of limitations.

21  ### FOURTH AFFIRMATIVE DEFENSE

22  **(Workers' Compensation Preemption/Exclusivity)**

23  4.  As a fourth separate and affirmative defense, Defendants allege that Plaintiff's claims

24  are barred and preempted by California Labor Code section 3600, *et seq.*

25  ///

26  ///

27

28

2.

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Laches/Waiver)

5.     As a fifth separate and affirmative defense, Defendants allege the Complaint, and each purported cause of action contained therein, is barred by the doctrines of laches and waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Offset/Contribution)

6.     Without conceding that any act of Defendants caused damage to Plaintiff in any respect, Defendants are entitled to offset and contribution against any judgment that may be entered for the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.     As a seventh separate and affirmative defense, Defendants allege Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Exhaust)

8.     As an eighth separate and affirmative defense, Defendants allege the Complaint, and each purported cause of action contained therein, is barred because Plaintiff failed to exhaust her administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

9.     As a ninth separate and affirmative defense, Defendants allege the Complaint, and each purported cause of action contained therein, is barred because Defendants exercised reasonable care to prevent and correct promptly any alleged discrimination and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

LITTLER MENDELSON, P.C.
633 West 5th Street
83rd Floor
Los Angeles, CA 90071
213.443.4300

3.

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

### TENTH AFFIRMATIVE DEFENSE

#### (Legitimate Business Reason)

10.    As a tenth separate and affirmative defense, the Complaint, and each and every cause of action alleged therein, is barred on the ground that Defendants had legitimate business reasons, which were not a pretext for discrimination or retaliation, for taking certain employment action.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Immediate and Appropriate Action)

11.    As an eleventh separate and affirmative defense, the Complaint, and each and every cause of action alleged therein, is barred on the ground that Defendants took immediate and appropriate efforts to investigate and remedy Plaintiff's complaint.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Undue Burden)

12.    As a twelfth separate and affirmative defense, Defendants allege the accommodation(s) sought by Plaintiff for her alleged disability and/or medical condition would impose an undue hardship on Defendants in that such an accommodation would be burdensome and unduly affect the operations of the Company.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

13.    As a thirteenth separate and affirmative defense, Defendants allege that the Complaint Demand and each cause of action set forth therein cannot be maintained because Defendants acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendants at the time they acted.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Setoff)

14.    As a fourteenth separate and affirmative defense, Defendants allege that if Plaintiff is judged to be entitled to any recovery based on her Complaint, Defendants are entitled to a set-off.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4.

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Causation)

3      15.      As a fifteenth separate and affirmative defense, any acts or omissions by Defendants

4 were not a proximate cause of any injuries alleged by Plaintiff, and Plaintiff is barred from claiming

5 any injuries or damages because such injuries and damages are the sole, direct and proximate result

6 of Plaintiff's conduct.

7

## SIXTEENTH AFFIRMATIVE DEFENSE

8

### (Reasonable Accommodation)

9      16.      As a sixteenth separate and affirmative defense, the Complaint and each of its causes

10 of action are barred either in whole or in part on the grounds that Plaintiff failed to engage in the

11 interactive process with regard to any alleged disability or condition requiring accommodation, and

12 that Defendants reasonably accommodated any such disability or condition of which they had

13 knowledge and which legally required accommodation.

14

## SEVENTEENTH AFFIRMATIVE DEFENSE

15

### (Disabled Persons Act)

16      17.      As a seventeenth separate and affirmative defense, the Complaint and each of its

17 causes of action are barred either in whole or in part on the grounds that California Civil Code

18 §§ 54.3 and 55 are the exclusive remedy for alleged violations of California Civil Code §§ 54 and

19 54.1 and damages as provided by Civil Code § 52 are not recoverable for such alleged violation.

20

## EIGHTEENTH AFFIRMATIVE DEFENSE

21

### (No Private Right of Action for Damages)

22      18.      As a eighteenth separate and affirmative defense, the Complaint and each of its

23 causes of action are barred either in whole or in part on the grounds that California Civil Code §§ 54

24 and 54.1 do not create a private cause of action for damages for alleged discrimination and

25 California Civil Code § 55 provides a private cause of action to enjoin such alleged statutory

26 violations.

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Unruh Civil Rights Act/California Disabled Persons Act)**

19.    As a nineteenth separate and affirmative defense, the Complaint and each of its causes of action are barred either in whole or in part on the grounds that Plaintiff's claim for relief under the Unruh Civil Rights Act is barred as the Unruh Civil Rights Act do not apply to the employment relationship.

### TWENTIETH AFFIRMATIVE DEFENSE

**(No Employment Relationship)**

20.    As a twentieth separate and affirmative defense, the Complaint and each of its causes of action are barred on the grounds that Plaintiff was not employed by Defendants Macy's, Inc., Macy's Corporate Services, Macy's Retail Holdings, and Macy's Merchandising Group.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Breach of Duties)**

21.    As a twenty-second separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff's claims are barred by her own breaches of duties owed to Defendants under Labor Code section 2854 and/or sections 2856 to 2859.

**WHEREFORE,** Defendants pray for judgment as follows:

1.    That Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by way of her Complaint;

2.    For reasonable attorneys' fees, as appropriate, and costs of suit incurred herein; and

3.    For such other and further relief as the Court may deem just and proper.

Dated: July 31, 2014

_(signature)_

CRAIG G. STAUB
LITTLER MENDELSON, P.C.
Attorneys for Defendants
MACY'S INC.; MACY'S CORPORATE
SERVICES; MACY'S WEST STORES, INC.;
MACY'S RETAIL HOLDINGS; AND
MACY'S MERCHANDISING GROUP

6.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                          ) ss:
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071.

     On August 1, 2014, I served the within documents described as:

**DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT**

☒     **BY MAIL:**  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, California.  I am readily familiar with the practice of Littler Mendelson for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

*Attorneys for Plaintiff,* LINDA KEENE

David Karen, Esq.
Kimberly Offenbacher, Esq.
S. Tomiyo Stoner, Esq.
DK LAW GROUP
3155 Old Conejo Road
Thousand Oaks, CA  91320
Tel:   (805) 498-1212
Fax:  (805) 498-3030
E-mail:ko@dk4law.com

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on August 1, 2014, at Los Angeles, California.

                                       Margaret E. Kadric

Firmwide:128178223.1 065674.1024

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7.

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

# EXHIBIT D

CaseInformationSummary

Page 1 of 1

## Case Report
### Case Summary

⌐ Case Search

### Case Information

| | |
|---|---|
| Case Number: 56-2014-00451473-CU-CR-VTA | |
| Case Title: Linda Keene vs. Macys Inc | |
| Case Category: Civil - Unlimited | Filing Date: 4/14/2014 |
| Case Type: Civil Rights | Case Status: Pending |
| Judicial Officer: | Location: Ventura |

### Participants

| Name | Filing Document | Role | Attorney | Filed By |
|---|---|---|---|---|
| Keene, Linda | Complaint | Plaintiff | KAREN, DAVID M. | Keene, Linda |
| Macys Corporate Services | Complaint | Defendant | | Keene, Linda |
| Macys Inc | Complaint | Defendant | | Keene, Linda |
| Macys Merchandising Group | Complaint | Defendant | | Keene, Linda |
| Macys Retail Holdings Inc | Complaint | Defendant | | Keene, Linda |
| Macys West Stores Inc | Complaint | Defendant | | Keene, Linda |
| Macys West Stores Inc | Complaint | Defendant | | Keene, Linda |

### Future Events

| Event Type | Event Description | Event Status | Event Date | Event Time | Location | Department |
|---|---|---|---|---|---|---|
| MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | | SCHEDULED | 9/12/2014 | 8:15 AM | Ventura | 22B |

**Additional Recent Events exist on the case. Please see the Case Calendar Events screen.

### Past Events

No results found

### Register of Actions

| ROA # | Entry |
|---|---|
| 1 | Complaint (Violation of the Americans with Disabilities Act) filed by Keene, Linda on 04/14/2014. Filed by:Keene, Linda (Plaintiff) Refers to:Macys West Stores Inc(Defendant); Macys Retail Holdings Inc(Defendant); Macys Corporate Services(Defendant); Macys Merchandising Group (Defendant); Macys Inc(Defendant); Macys West Stores Inc(Defendant) |
| 2 | Civil Case Cover Sheet filed by Keene, Linda on 04/14/2014. |
| 3 | Case assigned to Department 40. |
| 4 | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default - scheduled for 09/12/2014 at 08:15:00 AM in 22B at Ventura. |
| 7 | Proof of Service submitted by Keene, Linda rejected on 06/20/2014. |
| 8 | Notice and Acknowledgment of Receipt filed by Keene, Linda on 07/29/2014. |
| 9 | Notice and Acknowledgment of Receipt filed by Keene, Linda on 07/29/2014. |
| 10 | Notice and Acknowledgment of Receipt (signed by Michelle Rapoport Esq) filed by Keene, Linda on 07/29/2014. |
| 11 | Notice and Acknowledgment of Receipt (signed by Michelle Rapoport Esq) filed by Keene, Linda on 07/29/2014. |
| 12 | Notice and Acknowledgment of Receipt (signed by Michelle Rapoport Esq) filed by Keene, Linda on 07/29/2014. |

1    David M. Karen, SBN. 117883      [SPACE BELOW FOR FILING STAMP ONLY]
     Kimberly Offenbacher, SBN. 166318
2    S. Tomiyo Stoner, SBN. 289246
     DK LAW GROUP
3    3155 Old Conejo Road
     Thousand Oaks, CA 91320
4    Tel: (805) 498-1212
     Fax: (805) 498-3030
5

6    Attorneys for Plaintiff,
     Linda Keene
7

8

                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                      **FOR THE COUNTY OF VENTURA**
10

11    LINDA KEENE, an individual,      )   Case No.: 56-2014-00451473-CU-CR-VTA

12                Plaintiff,     )   **PROOF OF SERVICE - SUMMONS RE:**
                           )   **CERTIFIED MAIL/RETURN RECEIPT ON**
13    vs.                         )   **DEFENDANT MACY'S, INC., A**
                           )   **DELAWARE CORPORATION**
14    MACY'S INC., a Delaware corporation;   )
     DOES 1 through 100, inclusive,      )
15                              )
              Defendants.     )
16                              )
     _____ )
17

18    **TO THIS HONORABLE COURT:**

19         Pursuant to <u>California Code of Civil Procedure</u>, §415.40, on May 13, 2014 Plaintiff, LINDA

20    KEENE, served the Summons, Complaint, Civil Cover Case Sheet, Case Management Conference

21    Scheduled September 12, 2014 and Alternative Dispute Resolution Information Sheet on Defendant

22    MACY'S, INC., a Delaware Corporation at Corporation Service Company, 2711 Centerville Road,

23    Suite 400, Wilmington, Delaware 19808 by Certified Mail/Return Receipt Requested, Article

24    Number 7012 2920 0002 5010 3721. Attached as Exhibit "A" is the executed Certified Mail/Return

25    Receipt Card with the accompanying service letter and delivery summary.

26    Dated: June 11, 2014            **DK LAW GROUP**

27

28                                  David M. Karen
                                 Attorney for Linda Keene

                             PROOF OF SERVICE - SUMMONS
                                      1

EXHIBIT "A"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Willie Lu O_   ☐ Agent   ☑ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

1. Article Addressed to:

CORPORATION SERVICE COMPANY
2711 CENTERVILLE RD.
SUITE 400
WILMINGTON, DE 19808

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 2920 0002 5010 3721

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL₃ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

|  |  |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7012 2920 0002 5010 3721

Sent To
Corporation Service Company
Street, Apt. No.; or PO Box No.  2711 Centerville Rd #400
City, State, ZIP+4  Wilmington, DE 19808.

PS Form 3800, April 2005

34

| | |
|---|---|
| 1 | David M. Karen, SBN. 117883           [SPACE BELOW FOR FILING STAMP ONLY] |
| | Kimberly Offenbacher, SBN. 166318 |
| 2 | S. Tomiyo Stoner, SBN. 289246 |
| | DK LAW GROUP |
| 3 | 3155 Old Conejo Road |
| | Thousand Oaks, CA 91320 |
| 4 | Tel: (805) 498-1212 |
| | Fax: (805) 498-3030 |
| 5 | |
| 6 | Attorneys for Plaintiff, |
| | Linda Keene |
| 7 | |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF VENTURA**

| | | |
|---|---|---|
| 11 | LINDA KEENE, an individual, | ) Case No.: 56-2014-00451473-CU-CR-VTA |
| 12 | Plaintiff, | ) **PROOF OF SERVICE - SUMMONS RE:** |
| | | ) **CERTIFIED MAIL/RETURN RECEIPT ON** |
| 13 | vs. | ) **DEFENDANT MACY'S CORPORATE** |
| | | ) **SERVICES, INC., A DELAWARE** |
| 14 | MACY'S INC., a Delaware corporation; | ) **CORPORATION** |
| | DOES 1 through 100, inclusive, | ) |
| 15 | | ) |
| 16 | Defendants. | ) |
| | | ) |
| 17 | | ) |

18  **TO THIS HONORABLE COURT:**

19       Pursuant to <u>California Code of Civil Procedure</u>, §415.40, on May 13, 2014 Plaintiff, LINDA

20  KEENE, served the Summons, Complaint, Civil Cover Case Sheet, Case Management Conference

21  Scheduled September 12, 2014 and Alternative Dispute Resolution Information Sheet on Defendant

22  MACY'S CORPORATE SERVICES, INC., a Delaware Corporation at Corporation Service

23  Company dba CSC Lawyers Inc. Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA

24  95833   Certified Mail/Return Receipt Requested, Article Number 7012 2920 0002 5010 3752.

25  Attached

26  ///

27  ///

28  ///

PROOF OF SERVICE - SUMMONS
1

1  as Exhibit "A" is the executed Certified Mail/Return Receipt Card with the accompanying service

2  letter and delivery summary.

3  Dated: June 11, 2014                    **DK LAW GROUP**

4

5                                          David M. Karen,

6                                          Attorney for Linda Keene

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE - SUMMONS
2

EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _David L. Reed_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   _Daniel L. Reed_   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

CORPORATION SERVICE COMPANY
dba CSC LAWYERS INC SERVICE
2710 Gateway Oaks Drive
Suite 150 N
Sacramento, CA 95833

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 2920 0002 5010 3752

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

7012 2920 0002 5010 3752

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To   Corporation Service Company
Street, Apt. No.; or PO Box No.   2710 Gateway Oaks Dr
City, State, ZIP+4   Sacramento, CA 95833

PS Form 3800, August 2006   See Reverse for Instructions

1   David M. Karen, SBN. 117883                    [SPACE BELOW FOR FILING STAMP ONLY]
    Kimberly Offenbacher, SBN. 166318
2   S. Tomiyo Stoner, SBN. 289246
    DK LAW GROUP
3   3155 Old Conejo Road
    Thousand Oaks, CA 91320
4   Tel: (805) 498-1212
    Fax: (805) 498-3030
5

6   Attorneys for Plaintiff,
    Linda Keene
7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           FOR THE COUNTY OF VENTURA

10

11  LINDA KEENE, an individual,              )   Case No.: 56-2014-00451473-CU-CR-VTA
                                             )
12                      Plaintiff,           )   PROOF OF SERVICE - SUMMONS RE:
                                             )   CERTIFIED MAIL/RETURN RECEIPT ON
13  vs.                                      )   DEFENDANT MACY'S WEST STORES,
                                             )   INC., AN OHIO CORPORATION
14  MACY'S INC., a Delaware corporation;     )
    DOES 1 through 100, inclusive,           )
15                                           )
                        Defendants.          )
16                                           )
                                             )
17  _____     )

18  TO THIS HONORABLE COURT:

19          Pursuant to California Code of Civil Procedure, §415.40, on May 13, 2014 Plaintiff, LINDA

20  KEENE, served the Summons, Complaint, Civil Cover Case Sheet, Case Management Conference

21  Scheduled September 12, 2014 and Alternative Dispute Resolution Information Sheet on Defendant

22  MACY'S WEST STORES, INC., an Ohio Corporation at Corporation Service Company, 2711

23  Centerville  Road, Suite 400, Wilmington, Delaware 19808 by Certified Mail/Return Receipt

24  Requested, Article Number 7012 2920 0002 5010 3769.  Attached as Exhibit "A" is the executed

25  Certified Mail/Return Receipt Card  with the accompanying service letter and delivery summary.

26  Dated: June 11, 2014                     DK LAW GROUP

27                                           _____
                                             David M. Karen,
28                                           Attorney for Linda Keene

_____
                            PROOF OF SERVICE - SUMMONS
                                          1

                                         39

EXHIBIT "A"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CORPORATION SERVICE COMPANY
2711 CENTERVILLE RD
SUITE 400
WILMINGTON, DE
19808

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)

2. Article Number
   (Transfer from service label)   7012 2920 0002 5010 3769

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

7012 2920 0002 5010 3769

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark Here

Sent To Corporation Service Company
Street, Apt. No.; 2711 Centerville Road #400
or PO Box No.
City, State, ZIP+4 Wilmington, DE 19808

PS Form 3800, August 2006   See Reverse for Instructions

1   David M. Karen, SBN. 117883          [SPACE BELOW FOR FILING STAMP ONLY]
    Kimberly Offenbacher, SBN. 166318
2   S. Tomiyo Stoner, SBN. 289246
    DK LAW GROUP
3   3155 Old Conejo Road
    Thousand Oaks, CA 91320
4   Tel: (805) 498-1212
    Fax: (805) 498-3030
5
6   Attorneys for Plaintiff,
    Linda Keene
7
8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                        FOR THE COUNTY OF VENTURA
10
11  LINDA KEENE, an individual,          )  Case No.: 56-2014-00451473-CU-CR-VTA
                                         )
12               Plaintiff,              )  PROOF OF SERVICE - SUMMONS RE:
                                         )  CERTIFIED MAIL/RETURN RECEIPT ON
13  vs.                                  )  DEFENDANT MACY'S RETAIL
                                         )  HOLDINGS, INC., A NEW YORK
14  MACY'S INC., a Delaware corporation; )  CORPORATION
    DOES 1 through 100, inclusive,       )
15                                       )
                 Defendants.             )
16                                       )
                                         )
17  ─────────────────────────────────────

18  **TO THIS HONORABLE COURT:**

19       Pursuant to <u>California Code of Civil Procedure</u>, §415.40, on May 13, 2014 Plaintiff, LINDA

20  KEENE, served the Summons, Complaint, Civil Cover Case Sheet, Case Management Conference

21  Scheduled September 12, 2014 and Alternative Dispute Resolution Information Sheet on Defendant

22  MACY'S RETAIL HOLDINGS, INC., a New York Corporation at Corporation Service Company

23  dba CSC Lawyers Inc. Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

24  Certified Mail/Return Receipt Requested, Article Number 7012 2920 0002 5010 3745.  Attached

25  ///

26  ///

27  ///

28  ///

─────────────────────────────────────────────
PROOF OF SERVICE - SUMMONS
1

1   as Exhibit "A" is the executed Certified Mail/Return Receipt Card  with the accompanying service

2   letter and delivery summary.

3   Dated: June 11, 2014

**DK LAW GROUP**

David M. Karen,
Attorney for Linda Keene

EXHIBIT "A"



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CORPORATE SERVICE COMPANY
dba CSC Lawyers Inc. Service
2710 Gateway Oaks Dr.
Suite 150 N
Sacramento, CA 95833

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Daniel C. Po

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

MAY 13 2014

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7012 2920 0002 5010 3745

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information, visit our website at www.usps.com

7012 2920 0002 5010 3745

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Corporation Service Company
Street, Apt. No.; or PO Box No. 2710 Gateway Oaks Dr. 150N
City, State, ZIP+4 Sacramento, CA 95833

PS Form 3800, August 2006         See Reverse for Instructions

1   David M. Karen, SBN. 117883     [SPACE BELOW FOR FILING STAMP ONLY]
    Kimberly Offenbacher, SBN. 166318
2   S. Tomiyo Stoner, SBN. 289246
    DK LAW GROUP
3   3155 Old Conejo Road
    Thousand Oaks, CA 91320
4   Tel: (805) 498-1212
    Fax: (805) 498-3030

5

6   Attorneys for Plaintiff,
    Linda Keene

7

8

             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                **FOR THE COUNTY OF VENTURA**
10

11  LINDA KEENE, an individual,    )  Case No.: 56-2014-00451473-CU-CR-VTA
                        )
12           Plaintiff,   )  **PROOF OF SERVICE - SUMMONS RE:**
                        )  **CERTIFIED MAIL/RETURN RECEIPT ON**
13  vs.                 )  **DEFENDANT MACY'S MERCHANDISING**
                        )  **GROUP, A DELAWARE CORPORATION**
14  MACY'S INC., a Delaware corporation; )
    DOES 1 through 100, inclusive,    )
15                        )
           Defendants.   )
16                        )
17  _____)

18  **TO THIS HONORABLE COURT:**

19       Pursuant to <u>California Code of Civil Procedure,</u> §415.40, on May 13, 2014 Plaintiff, LINDA

20  KEENE, served the Summons, Complaint, Civil Cover Case Sheet, Case Management Conference

21  Scheduled September 12, 2014 and Alternative Dispute Resolution Information Sheet on Defendant

22  MACY'S MERCHANDISING GROUP, a Delaware Corporation at Corporation Service Company

23  dba CSC Lawyers Inc. Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

24  Certified Mail/Return Receipt Requested, Article Number 7012 2920 0002 5010 3738.  Attached

25  ///

26  ///

27  ///

28  ///

                        PROOF OF SERVICE - SUMMONS
                                  1

as Exhibit "A" is the executed Certified Mail/Return Receipt Card  with the accompanying service

letter and delivery summary.

Dated: June 11, 2014

**DK LAW GROUP**

David M. Karen,
Attorney for Linda Keene

PROOF OF SERVICE - SUMMONS
2

EXHIBIT "A"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CORPORATION SERVICE COMPANY
dba CSC LAWYERS INC. SERVICE
2710 GATEWAY OAKS DRIVE
SUITE 150 N
SACRAMENTO, CA 95833

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Daniel L. Reid_    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Daniel L. Reid

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7012 2920 0002 5010 3738

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

## U.S. Postal Service
## CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7012 2920 0002 5010 3738

Sent To
Corporation Service Company
Street, Apt. No.; or PO Box No.
2710 Gateway Oaks Dr #150 N
City, State, ZIP+4
Sacramento, CA 95833.

PS Form 3800, August 2006    See Reverse for Instructions

49

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 633 West Fifth Street, 63rd Floor, Los Angeles, California 90071. On August 1, 2014, I served the within document(s):

## DECLARATION OF MICHELLE RAPOPORT IN SUPPORT OF DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

David Karen, Esq.
Kimberly Offenbacher, Esq.
S. Tomiyo Stoner, Esq.
DK LAW GROUP
3155 Old Conejo Road
Thousand Oaks, CA 91320
Tel:        (805) 498-1212
Fax:        (805) 498-3030
E-mail:    ko@dk4law.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on August 1, 2014, at Los Angeles, California.

_Margaret E. Kadric_

Margaret E. Kadric

Firmwide:128187921.1 065674.1024

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Declaration of Michelle Rapoport
in Support of Removal

50.